Eric D. Coleman
Attorney Email Address: ecoleman@sulaimanlaw.com
SULAIMAN LAW GROUP
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 568-8181
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael A. Lee, Jr., <br><br> Plaintiff, <br><br> v. <br><br> North American Recovery, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") UNDER 15 U.S.C. § 1692 *ET SEQ.*;** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes MICHAEL A. LEE, JR. ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of NORTH AMERICAN RECOVERY ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the District of Arizona and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Arizona.

**PARTIES**

4. Plaintiff is a consumer over 18 years of age residing in Phoenix, Arizona, which is located within the District of Arizona.

5. Defendant is a third-party debt collector. Defendant is a collection agency organized under the laws of the state of Utah with a principal place of business at 1600 West 2200 South, Suite 410, West Valley City, Utah 84119.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out Defendant's attempts to collect upon a personal loan ("subject debt") that Plaintiff allegedly owes.

8. Upon information and belief, after Plaintiff's purported default, the subject debt was turned over to Defendant for collections purposes.

9. Around the summer of 2021, Defendant began its collection campaign by repeatedly calling Plaintiff's cellular phone.

10. Upon speaking with Plaintiff, Defendant threatened to pursue a lawsuit against him to collect upon the subject debt.

11. In response, Plaintiff stated that he needed to check his available funds before promising to make a payment to Defendant.

12. However, Defendant continued with its collection campaign instead of allowing Plaintiff to examine his financial situation.

13. Shortly after speaking with Plaintiff, Defendant placed four collection calls to Plaintiff's phone within fifteen minutes.

14. Defendant also placed multiple calls to Plaintiff's mother and sisters shortly after Defendant threatened to pursue a lawsuit against Plaintiff.

15. Upon information and belief, Defendant contacted Plaintiff's mother and sisters to exert pressure on Plaintiff to make a payment.

16. Defendant also attempted to contact Plaintiff's employer, but instead called Plaintiff.

17. Defendant asserted that it needed to verify Plaintiff's employment in order to offer him a settlement for the subject debt.

18. Defendant's calls to Plaintiff's family members and attempted call to Plaintiff's employer concerned Plaintiff because in a short timespan Defendant was needlessly encroaching on Plaintiff's personal and professional life.

19. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in exhausting time and resources.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

22. Plaintiff repeats and alleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

3

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692b**

27. Additionally, under §1692b(3), a debt collector is prohibited from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer [and] shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

28. Defendant violated 15 U.S.C. §1692b(3) when it contacted Plaintiff's family members on more than one occasion, despite the fact that Plaintiff's family members were not responsible for the subject debt. Defendant was not contacting Plaintiff's family members for location information because it had already communicated with Plaintiff. Defendant employed these tactics in order to exert outward pressure upon Plaintiff.

    **b. Violations of FDCPA § 1692d**

29. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §§ 1692d and d(5) when it repeatedly called Plaintiff within fifteen minutes. This recurring behavior of systematically calling Plaintiff's cellular phone was harassing

4

and abusive. Furthermore, Defendant violated § 1692d by repeatedly contacting Plaintiff's family members instead of allowing Plaintiff with sufficient time to examine his financial situation before agreeing to make a payment to Defendant. Defendant's unnecessary calls to Plaintiff's family members highlight its intent to harass plaintiff in order to collect upon the subject debt.

31. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated 15 U.S.C. §§ 1692e, e(5), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant threatened to initiate a lawsuit against Plaintiff to collect upon the subject debt without the intent to follow through. Defendant's lack of intent to initiate a lawsuit against Plaintiff can be gauged by the fact that Defendant began contacting Plaintiff's family members and attempted to contact Plaintiff's employer. From its actions, Defendant's intentions were to collect upon the subject debt outside of the judicial process by continuing with it deceptive and coercive collection campaign. These false and deceptive tactics utilized by Defendant only served to worry and confuse Plaintiff.

   c. **Violations of FDCPA § 1692f**

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by threatening to sue Plaintiff to collect upon the subject debt without the intent to follow through. Any reasonable fact finder will conclude that Defendant's threats are unfair and unconscionable as they are designed to instill and under sense of urgency within consumers to make a payment.

35. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal action.

WHEREFORE, Plaintiff MICHAEL A. LEE, JR. respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt;

f. Ordering Defendant to delete the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 3, 2021                    Respectfully submitted,

By: /s/ Eric D. Coleman
*Pro Hac Vice Application Pending*
Eric D. Coleman
SULAIMAN LAW GROUP, LTD
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: ecoleman@sulaimanlaw.com